STATE OF NORTH CAROLINA

COUNTY OF DURHAM

CARL DAVIS VAUGHN, JR.;

Plaintiff,

V.

ALLY FINANCIAL, INC., et al., and
CFO BRADLEY J. BROWN,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

23 CVS 4388

**PLAINTIFF'S NOTICE TO FILE
COMPLAINT FOR PERMANENT
INJUNCTION AND OTHER
EQUITABLE RELIEF**

COMES NOW "carl-davis-jr.: of the family vaughn\ natural man" and file this Notice of Special Appearance as "Private American National/State Citizen" and Power of Attorney (POA)\ Attorney in Fact ("AIF") on behalf of the Plaintiff "CARL DAVIS VAUGHN JR" ("Plaintiff") for the sole purpose of Filing this Notice for Permanent Injunction and Other Equitable Relief. Accordingly, Plaintiff, through (AIF), respectfully Files Notice to the Court for Permanent Injunction and Other Equitable Relief. Let the record show that carl-davis-jr.: of the family vaughn **("AIF")** is the **(Subrogee)-implied Surety/Beneficiary. ("Plaintiff")** "CARL DAVIS VAUGHN JR" is the **(Obligor)-Principal debtor/Consumer/Estate/Federal Reserve bank(s)/Member bank(s). ("Defendants")** ALLY FINANCIAL INC., et al., and CFO Bradley J. Brown are the **(Obligees)-Creditors/Federal reserve agents.** As Subrogee, and Private American National/State Citizen, carl-daivs-jr.: of the family vaughn rights outrank those of the Obligees. The Obligor and Obligees are U.S. Citizens, carl-davis-jr.: of the family vaughn is neither, but is the implied Surety. As defined by Equitable Subrogation Suretyship, carl-davis-jr.: of the family vaughn is entitled to securities, funds, titles, rights, interest, and equity that have previously been retained and claimed, and are now being retained and claimed. Let the record show I carl-davis-jr.: of the family vaughn am of Good Faith, Clean hands, and Sound mind. I carl-davis-jr.: of the family vaughn is a Private American National/State Citizen. I am entitled to an Article 3 Court and Judicial Power. I have Full Faith and Credit on the State and Federal Levels, I am of the Private Officially. I shall present my Full Faith and Credit documents if and when necessary. I am entitled to Full settlement and closure with this Honorable Court in this commercial matter. I am a child of "God" and an ambassador of Jesus Christ and I follow the highest law, that of "God's" law. Let the record further show carl-davis-jr.: of the family vaughn is a civilian, non-military, non-adverse, non-combatant, and non-belligerent. I am not an enemy, nor am I an ally to an enemy, I am an ally to the U.S. I am not a minor, not a child, nor a ward of The State. I am competent and these statements are true and correct, non-assumpsit. I carl-davis-jr.: of the family vaughn has no corporate affiliations. "I grant my name by Special Deposit to the court for future return on my interest".

**EXHIBIT
B**

**CONSPICUOUS TERMS/TYPOGRAPHY/TRANSMITTING UTILITY:** CARL DAVIS VAUGHN JR/Carl Davis Vaughn Jr. as defined by **UCC-1-201 (10)** "with reference to a term, means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it. Whether a term is "conspicuous" or not is a decision for the court. Conspicuous terms include the following: **(A)** a heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same or lesser size; and **(B)** language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language".

**Consumer:** means an individual who enters into a transaction primarily for personal, family, or household purposes.

**Creditor:** includes a general creditor, a secured creditor, a lien creditor, and any representative of creditors, including an assignee for the benefit of creditors, a trustee in bankruptcy, a receiver in equity, and an executor or administrator of an insolvent debtor's or assignor's estate.

**Good faith:** except as otherwise provided in Article 5, means honesty in fact and the observance of reasonable commercial standards of fair dealing.

**Holder: (A)** the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession; or **(B)** the person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession.

**Remedy:** means any remedial right to which an aggrieved party is entitled with or without resort to a tribunal.

**Security interest:** means an interest in personal property or fixtures which secures payment or performance of an obligation. "Security interest" includes any interest of a consignor and a buyer of accounts, chattel paper, a payment intangible, or a promissory note in a transaction that is subject to Article 9.

**Surety:** includes a guarantor or other secondary obligor.

**Promissory Note:** An unconditional promise to pay a certain amount of money to a named party or the holder of the note, or to deposit that money as such persons direct. A promissory note must be in writing and signed by the maker of the promise.

**CAUSE OF ACTION:** In Cooke v Gill (1873) L.R.8 C.P. 107 Bret J. defined "a cause of action" as "every fact which is material to be proven to entitle the plaintiff to succeed"

**BANK:** A person engaged in the business of banking and includes a savings bank, savings and loan association, credit union, and trust company. Defined by Black's Law 4th Edition.

**1.)** On or around 06/02/2021 **(Defendants/Federal reserve agents)** borrowed money from the **(Board of Governors of the Federal Reserve System)** purportedly on behalf of the **(Federal reserve bank/member bank/Plaintiff)** from Plaintiff's application/advancement/promissory note combined with the Plaintiff's indorsement/wet-ink signature, and collateral securities/credits. Defendants were paid in full from Plaintiff's advancement/application/promissory note. Plaintiff's account was pre-paid in full to the Defendants in the amount of $50,284.32. Plaintiff has claimed and expressed his rights to the Defendants for the redeemable credits from Plaintiff's collateral securities and promissory note. Defendants had no consideration nor equal value in mind for Plaintiff when borrowing purportedly on behalf of Plaintiff. Defendants' previous and current **actions, refusals**, and **discrimination** show their non-consideration and neglect of the Plaintiff's equal value. Defendants willfully neglected and denied Plaintiff's beneficial interest in all occurrences, pursuant to the **Code of the District of Columbia 28:3–303. Value and consideration,** and pursuant to **12 USC 1431. Powers and duties of banks (a) "Borrowing money"; issuing bonds and debentures; general powers.** Each Federal Home Loan Bank "shall" have power, subject to rules and regulations prescribed by the Director, "to borrow and give security therefor and to pay interest thereon", to issue debentures, bonds, or other obligations upon such terms and conditions as the Director may approve, and to do all things necessary for carrying out the provisions of this chapter and all things incident thereto.

**2.)** On or around 06/01/2023 Plaintiff submitted and indorsed the remittance/payment coupon/Bill of Exchange/bill of credit received in the mail by Plaintiff from the Defendants and indorsed and returned the bill of credit to Defendants via U.S. Mail. Only the holder/bearer of the bill can accept, indorse, and draw on the bill of credit and perform a tender of payment pursuant to **UCC-3-205. Special Indorsement; Blank Indorsement; Anomalous Indorsement,** and also pursuant to **Bill of Exchange Act of 1882**. Plaintiff submitted the indorsed Bill of Exchange to the Defendants for the performance of tender on a Good Faith effort to utilize the Plaintiff's redeemable credits/collateral securities that the Defendants received from the Plaintiff's promissory note, that the Defendants are withholding in a Trust account purportedly on behalf of Plaintiff's application/instrument/advancement as pursuant to **The Federal Reserve Act of 1913 Section 16. Notes Issues, paragraphs (1)(2)(6).**

**(1) Issuance of Federal Reserve notes; nature of obligation; where redeemable.** Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System "for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized". "The said notes shall be obligations of the United States and shall be receivable by all national and member banks" and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank. [12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

**(2) Application for notes by Federal Reserve banks.** Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. "**Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application**". "**The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as "to principal and interest by, the United States" or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for".** The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of, or are otherwise held by or on behalf of, Federal Reserve banks. [12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794); Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

**(6) Substitution of collateral; retirement of Federal Reserve notes. Any Federal reserve bank may at its discretion withdraw collateral deposited with the local Federal reserve agent for the protection of its Federal reserve notes issued to it and shall at the same time substitute therefor other collateral of equal amount with the approval of the Federal reserve agent under regulations to be prescribed by the Board of Governors of the Federal Reserve System.** Any Federal reserve bank may retire any of its Federal reserve notes by depositing them with the Federal reserve agent or with the Treasurer of the United States, and **such Federal reserve bank shall thereupon be entitled to receive back the collateral deposited with the Federal reserve agent for the security of such notes. Any Federal Reserve bank shall further be entitled to receive back the collateral deposited with the Federal Reserve agent for the security of any notes with respect to which such bank has made payment to the Secretary of the Treasury under section 4 of the Old Series Currency Adjustment Act.** Federal reserve notes so deposited shall not be reissued except upon compliance with the conditions of an original issue. [12 USC 416. As amended by acts of June 21, 1917 (40 Stat. 237); June 30, 1961 (75 Stat. 147); and March 18, 1968 (82 Stat. 50). The act of June 30, 1961 is the Old Series Currency Adjustment Act.]

**3.)** On or around 08/23/2023 Plaintiff submitted an "Instructions" remedy email to (Defendants)/Creditors for the claim of the Plaintiff's redeemable credits as pursuant to the enacted **Federal Reserve Act of 1913 Section 16. paragraphs (1)(2)**. The Plaintiff "Instructed" the Defendants to submit all titles, rights, interest, and equity owed to the (Plaintiff) "CARL DAVIS VAUGHN JR"/Principal debtor to carl-davis-jr.: of the family vaughn (AIF)/ implied Surety. Plaintiff further "Instructed" the Defendants in the email received by the Defendants to transfer the Principal's balance to the Principal's account number in a Good Faith effort submitted by Plaintiff to the Defendants to balance out the accounting on the Plaintiff's account. Plaintiff "Instructed" the Defendants/Creditors to fully disclose pursuant to **The Truth in Lending Act (TILA)** to carl-davis-jr.: of the family vaughn(AIF)/ implied Surety the type of accounts "interest bearing or non-interest bearing" that were opened by the Defendants/Creditors in the Plaintiff's name purportedly on behalf of the beneficial interest, equity, and interest owed to and of the Plaintiff pursuant to the enacted **Federal Reserve Act of 1913 Section 16. paragraphs (2)(6)**. "Plaintiff "Instructed" the Defendants/Creditors to respond in 5 business days in writing/email point by point if the Plaintiff's stipulations shall not be honored. Plaintiff stated in the "Instructions email" that if Plaintiff received no correspondence letter/email within the 5 business days after receipt of the notice "Instruction email" by the Defendants, Plaintiff shall assume the Plaintiff's Instructions have been honored and successfully performed. See attached record of evidence email(s), original(s), and copy(ies) filed with the Original Complaint. Defendants never submitted any written/typed correspondence regarding Plaintiff's "Instructions email".

**4.)** On or around 08/30/2023 Plaintiff submitted an "Opportunity to Cure" remedy email to (Defendants)/Creditors for the claim of the Plaintiff's redeemable credits. The Plaintiff gave the "Opportunity" to the Defendants to submit all titles, rights, interest, and equity owed to the (Plaintiff) "CARL DAVIS VAUGHN JR"/Principal debtor to carl-davis-jr.: of the family vaughn (AIF)/ implied Surety. Plaintiff further gave the "Opportunity to Cure" to the Defendants in the email received by the Defendants to transfer the Principal's balance to the Principal's account in another exercise of Good Faith attempt submitted by Plaintiff to the Defendants to balance out the accounting on the Plaintiff's account. Plaintiff gave the "Opportunity" to the Defendants/Creditors to fully disclose pursuant to **The Truth in Lending Act (TILA)** to carl-davis-jr.: of the family vaughn(AIF)/ implied Surety the type of accounts ``interest bearing or non-interest bearing" that were opened by the Defendants/Creditors in the Plaintiff's name purportedly on behalf of the beneficial interest, equity, and interest owed to and of the Plaintiff. "Plaintiff gave the "Opportunity" to Defendants/Creditors to respond in 3 business days in writing/email point by point if the Plaintiffs ``Opportunity to Cure" shall not be honored. Plaintiff stated in the "Opportunity to Cure email" that if Plaintiff received no correspondence letter/email within the 3 business days after receipt of the notice "Opportunity to Cure email" by the Defendants the Plaintiff shall assume the Plaintiff's "Opportunity to Cure email" has been honored and successfully performed. See attached record of evidence email(s), original(s), and copy(ies) filed with the Original Complaint. Defendants never submitted any written/email correspondence regarding Plaintiff's "Opportunity to Cure email".

**5.)** On or around 09/04/2023 Plaintiff submitted a "Default Judgment" remedy email to (Defendants)/Creditors for not responding in writing/email to the claim of the Plaintiff's redeemable credits. The Plaintiff gave the "Default Judgment" to the Defendants for not submitting a response letter/email to all titles, rights, interest, and equity owed to the (Plaintiff) "CARL DAVIS VAUGHN JR"/Principal debtor and for the Defendants not submitting all the above-mentioned in writing to carl-davis-jr.: of the family vaughn (AIF)/ implied Surety as instructed. Plaintiff further gave the "Default Judgment" to the Defendants in the email received by the Defendants for not responding in writing/email to the "Instructions, and Opportunity to Cure, emails" to transfer the Principal's balance to the Principal's account number in the 3rd, Final, and beyond Good Faith email submitted by the Plaintiff to Defendants to balance out the accounting on the Plaintiff's account. Plaintiff gave the "Default Judgment" to the Defendants/Creditors for not fully disclosing pursuant to **The Truth in Lending Act (TILA)** in writing or email to carl-davis-jr.: of the family vaughn(AIF)/ implied Surety the type of accounts ``interest bearing or non-interest bearing" that were opened by the Defendants/Creditors in the Plaintiff's name purportedly on behalf of the beneficial interest, equity, and interest owed to and of the Plaintiff. "Plaintiff gave the "Default Judgment" to Defendants/Creditors for not responding in 2 business days in writing/email point by point to Plaintiff in regards to ``Default Judgment" and not honoring their Fiduciary Duties in the Trustee-Beneficiary agreement by not submitting in writing/email a response point by point to Plaintiff as" "Instructed by Plaintiff in the Opportunity to Cure, and now "Default Judgment email(s)" submitted to the Defendants. Plaintiff stated in the "Default Judgment" that if Plaintiff received no correspondence letter/email within the 2 business days after receipt of the notice "Default Judgement" by the Defendants, Plaintiff has a **cause of action** and shall pursue Civil litigation. The Defendants 'are in **"Breach of their Fiduciary Duties/Contract, this is now Default Judgement/Acquiescence".** The Defendants have now agreed to all that was stated by Plaintiff in all matters, claims, and statements, and that all three emails and all Counts of Breach of Contract/Fiduciary Duties are true and correct in this new agreement due to the Defendants' acquiescence; Defendants did not rebut the statements and claims point by point or in any matter made by Plaintiff; no responses were received from the Defendants. See attached record of evidence email(s), original(s), and copy(ies) that Defendants received all Notice emails that are on file with the Original Complaint. Defendants never submitted a written/email correspondence in regards to any of the three letters and Good Faith efforts submitted by Plaintiff attempts, stipulation emails to the Defendants to transfer the Principal's balance to the Principal's account number and balance out the accounting with the Plaintiff's redeemable credits/collateral securities. "Default Judgment/Acquiescence" has occurred, and been defined. **Doctrine of Acquiescence.** Under the Doctrine of **Acquiescence** as well as the Maxim in Law which states that "silence shows consent" 6 Barb. [N.Y.] 2B, 35. Qui non negat, fatetur and "He who does not deny, agrees," (Trayner, Maxim 503), the Appellee's silence constituted their agreement with the Appellants' arbitration proposal terms and conditions under the legal Doctrine of **Tacit Procuration.** See [1] Georgia v. South Carolina - 497 U.S. 376 (1990) [2]U.S. Supreme Court Central Pacific Railway Co. v. Alameda County, 284 U.S. 463 (1932)

**6.)** The Defendants have full access to the Geographic, Demographic, Private, and Consumer Credit Records of the Plaintiff's alleged records, identity, likeness, and information on file with

the Federal and State Government Systems, Public and Private. Giving Defendants plausible intent to wrongfully and willfully refuse all and every Good Faith, Clean hands Effort submitted and attempted by the Plaintiff and denied by the Defendants through past and current historical evidence of this Country's Discrimination against a person of Color. The Defendants' stereotypes, obscured views, neglect of their Trustee-Beneficiary Fiduciary Duties, and Discrimination against Plaintiff are based on the Plaintiff's assumed on file race, color, national origin, income, sex, marital status, age, and Good Faith exercising of the Plaintiff's rights under the **"Consumer Credit Protection Act of 1968" and pursuant to the "Civil Rights Act of 1964".** See EEOC v. Dolgencorp LLC d/b/a Dollar General, Civil Action No. 13 C 4307 (N.D. Ill. Nov. 18, 2019).

**7.)** Plaintiff hereby adds a claim of Piercing the Corporate Veil. The Defendants are connected. Plaintiff discovered evidence that Plaintiff believes shows that each of the Defendants' Corporations, Operating Subsidiaries, Direct Subsidiaries, and Indirect Subsidiaries on file is either alter egos of Defendants "ALLY FINANCIAL INC., and CFO Bradley J. Brown", alternatively, the lines distinguishing the parties are blurred to the point where they have combined interests and activities. The Defendants and their companies are intertwined and jointly liable. Further, the Complaint asserts more **causes of action** for negligence and Unfair and Deceptive Trade Practices against the Plaintiff individually in addition to the breach of contract and breach of the Defendants' Fiduciary Duties as a Trustee, and Permanent Injunction and Other Equitable Relief claims.

**8.)** Plaintiff on or around 11/11/2023 submitted via U.S. certified mail return receipt request a Notice to rescind Plaintiff's Security Interest that was received by the Defendants on or around 11/17/2023 at 10:03 am and pursuant to **12 CFR 1026.23 (a) Right of rescission: (1)** In a credit transaction in which a **"security interest"** is or will be retained or acquired in a **"consumer's principal dwelling",** each consumer whose ownership interest is or will be subject to the **"security interest"** shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. For purposes of this section, the addition to an existing obligation of a **"security interest"** in a **"consumer's principal dwelling"** is a transaction. The right of rescission applies only to the addition of the **"security interest"** and not the existing obligation. The creditor shall deliver the notice required by paragraph (b) of this section but need not deliver new material disclosures. Delivery of the required notice shall begin the rescission period.

**Conclusion:** The Defendants have knowingly and wilfully neglected, dishonored, discriminated, defaulted Judgment/Aquiesences, used deceptive Language, used unfair trading practices, forceful repayment tactics, theft of property, pierced the Corporate Veil by engaging in wrongful and fraudulent practices, conspired against, securities fraud, trust fraud, Identity theft, alter ego, willfully and knowingly dishonored and refused protocol of the following Acts, legalese/Commerce, Codes, and Statutes that the Defendants are Obligated to follow procedure of as listed; **the Securities Exchange Act of 1934, Securities Act of 1933, Trust Indenture Act of 1939, the revised Consumer Protection Act of 2010, 12 USC 1431. Powers and duties of banks, UCC-3-205. Special Indorsement; Blank Indorsement; Anomalous**

**Indorsement, Bill of Exchange Act of 1882, The Federal Reserve Act of 1913 Section 16. Notes Issues, paragraphs (1)(2)(6), UCC-3-603. Tender of Payment, Consumer Credit Protection Act of 1968, Civil Rights Act of 1964, and the Truth in Lending Act of 1968 (TILA).** Furthermore, Defendants collected extensions of the Plaintiff's credit by extortionate means as pursuant to **18 USC 894-Collection of extensions of credit by extortionate means. (a)** Whoever knowingly participates in any way, or conspires to do so, in the use of any extortionate means **(1)** collect or attempt to collect any extension of credit, or **(2)** to punish any person for the non-repayment thereof, shall be fined under this title or imprisoned not more than 20 years, or **(b)** in any prosecution under this section, for the purpose of showing an implicit threat as a means of collection, evidence may be introduced tending to show that one or more extensions of credit by the creditors were, to the knowledge of the person against whom the implicit threat was alleged to have been made, collected or attempted to be collected by extortionate means or that the non-repayment thereof was punished by extortionate means. See United States v. Lee:: 455 U.S. 252 (1982). The Defendants have knowingly and willfully neglected their responsibilities to act in the best interests on behalf of the Plaintiff's beneficial purposes; this is defined as a Fiduciary Breach of Duty by the Defendants in this Trustee and Beneficiary relationship. The Plaintiff has suffered the loss of sleep through countless hours of stress, worry, and studying legalese/Commerce. Plaintiff lost the ability to travel to work, travel for food needs, travel for family needs, travel for business, and freedom of travel as defined by the Original American Constitution due to the Defendant's unlawful theft of the Plaintiff's property/vehicle. Plaintiff has lost sufficient money on unjust, unlawful forceful repayment on a fully pre-paid account and loss of employment opportunities due to Plaintiff's lack of transportation on behalf of Defendant theft of Plaintiff's vehicle, and the continued use of Plaintiff's office supplies, service process, and other resources thereof. Plaintiff has suffered damages for countless months to present, mental anguish, elevated anxiety, stomach ulcer, and depression due to the unjust actions to the Plaintiff's and the Plaintiff's children's livelihood and theft of Plaintiff's property that is injurious of Plaintiff and Plaintiff" 's four children by the Defendants and their bias basis of discrimination, fraudulent occurrences, theft of property, breaches of Contract, breach of their Fiduciary duties, and the willful punitive neglect of the Acts, Legalese/Commerce', Codes, Case Law, and Protocols that the Defendants are bound to. Furthermore, the Plaintiff is a legally tax-exempt, non-taxpayer legally defined by the IRS. Plaintiff has submitted forms 5768, and 56 to the IRS which have been completed and updated in the IRS system see attached true copy of the U.S. certified mail return receipt stamped by the official seal of the IRS. Plaintiff's Birth Certificate has been authenticated on the State and Federal Levels giving Plaintiff full faith and credit. Plaintiff also has filed a UCC-1- Financing Statement; Plaintiff is a Transmitting Utility as defined by the State of North Carolina and all other States thereof. Defendants committed default judgment/acquiescence before Plaintiff had filed this current Compliant with the Court for Defendant's second Acquiescence/Default Judgment. Defendants were asked to respond by the North Carolina Attorney General to the Plaintiff's claims via email. Defendants never responded to the directives of the North Carolina Attorney General's stipulations on behalf of the Plaintiff's claim; this is defined as Acquiescence. See the attached email record of the North Carolina Attorney General's response to the Defendants and Plaintiff.

**Relief and Remedy:**  Plaintiff Demands Equitable Relief of Defendants by returning Plaintiff's full Federal Reserve notes that the Defendants received purportedly on behalf of Plaintiff. Plaintiff Demands to be exonerated due to the Defendants-**(Obligees)-Creditors** not getting consent from the **surety** to speak with the **(Obligor)-Principal-debtor** causing injury to **(Subrogee)-implied surety;** Plaintiff Demands Defendants to reimburse all unearned interest, security interest, equity, cash deposit(s), and repayments from the opening of the account to present owed to and made by Plaintiff immediately. Plaintiff Demands Defendants to compensate Plaintiff for the punitive damages, losses, and actions caused by the Defendants as listed: stress, anxiety, depression, mental anguish, office supplies, Attorney in Fact **(AIF)** fees, default judgment/acquiesced, unlawful theft of property/vehicle, and consumer reporting, breaches of contract, breach of fiduciary duty in a trustee-beneficiary relationship, discrimination, loss of sleep, loss of time, stomach ulcer, energy exerted on the matter, deceptive language, securities fraud, trust fraud, identity theft, conspiracy, extortionate means of collection of Plaintiff's credits, forcible repayment tactics on a fully prepaid account, piercing of the Corporate veil engaging in wrongful and fraudulent practices, alter ego, unfair and deceptive trading practices, and negligence in the amount of $150,000. Plaintiff Demands Defendants comply with the laws they are bound to after arbitration or Civil litigation is settled on the matter.

WHEREFORE, Plaintiff respectfully files this Notice for Permanent Injunction and Other Equitable Relief with this Honorable Court:

1.) The Plaintiff does not want a Jury trial. Plaintiff's complaint shall move forward with a Summary Judgment if that be the case in deciding the matters.

2.) Grant default judgment/acquiescence of the Defendants to Plaintiff pursuant to the proof on record of Defendants' acquiescence and such other and further relief as the Court deems equitable, righteous, and of "God".

This the 29th day of November, 2023.

*Carl-dun-jr.: of the family vaughn*
carl-davis-jr.: of the family vaughn
carldvaughnjr@gmail.com
℅ 6441 Greens Hollow Lane
Durham, North Carolina [27713]
Tel: (984) 251-4945

Power of Attorney (AIF) for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of this foregoing **NOTICE OF SPECIAL APPEARANCE OF POWER OF ATTORNEY (AIF) FOR PLAINTIFF AND FILED THIS COMPLAINT** on the Parties in this action by United States priority mail, postage pre-paid and certified mail return receipt, as follows:

ALLY FINANCIAL INC., et al.,
500 Woodward Ave
Floor 10
Detroit, Michigan 48226

CFO Bradley J. Brown.
Defendants

This the 29th of November, 2023.

_carl-davis-jr.: of the family vaughn_
carl-davis-jr.: of the family vaughn
Power of Attorney(POA), Attorney in Fact(AIF)
℅ 6441 Greens Hollow Lane
Durham, North Carolina [27713]

**STATE OF NORTH CAROLINA,**

**COUNTY OF** _Durham_

On _11-29-23_ before me,
_Billy Ray Simpson_, personally appeared carl-davis-jr.: of the family vaughn, who proved to me based on satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf which the person(s) acted, executed the instrument.

**WITNESS my hand and official seal.**

Billy Ray Simpson
NOTARY PUBLIC
Durham County, NC
My Commission Expires April 07, 2024

_____
**Signature of Notary Public**     04-07-24

**(Notary Seal)**