IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CARL DAVIS VAUGHN, JR.,        )
                               )
        Plaintiff,             )
                               )
    v.                         )    1:24-cv-6
                               )
ALLY FINANCIAL, INC. and       )
BRADLEY J. BROWN,              )
                               )
        Defendants.            )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is a motion to dismiss filed by Defendant Ally Financial, Inc. ("Defendant Ally"). (Doc. 7.) For the reasons stated herein, Defendant Ally's motion will be granted.

## I. FACTUAL BACKGROUND

The facts of this case are not completely clear. Based on the Plaintiff's Complaint and its accompanying documents,[1] it appears that this dispute arises from Defendant Ally issuing a loan to Plaintiff in order for him to purchase a vehicle. (See Doc. 4-1 at 7, 8, 10 (showing CarMax purchasing paperwork that notes Ally Financial as the "lienholder" and "loss-payee").)

---

[1] A court may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Six v. Generations Fed. Credit Union, 891 F.3d 508, 512 (4th Cir. 2018) (citation omitted).

Around June 1, 2023, in what appears to be an attempt to discharge his debt, Plaintiff submitted a "remittance/payment coupon/Bill of Exchange/bill of credit" to Defendant Ally via U.S. Mail. (Doc. 4 at 3.) As Plaintiff notes, this was an attempt by Plaintiff to "utilize the Plaintiff's redeemable credits/collateral securities that the Defendants received from the Plaintiff's promissory note, that the Defendants are withholding in a Trust account purportedly on behalf of Plaintiff's application/instrument/advancement." (Id.)

Around August 23, 2023, Plaintiff sent another email to Defendant to follow up on his June 1 attempt and further requested that Defendant "fully disclose . . . the type of accounts . . . that were opened by the Defendants/Creditors in the Plaintiff's name." (Id. at 5.) On August 30, 2023, Plaintiff sent another email to Defendant Ally, further reminding Defendant Ally of his previous two emails (which apparently went unanswered) and providing Ally an "Opportunity to Cure" by providing Plaintiff the information he had previously requested and offsetting his debt. (Id. at 5 (requesting that Defendants "transfer the Principal's balance to the Principal's account . . . to balance out the accounting the Plaintiff's account").)

Finally, on September 4, 2023, Plaintiff sent an email entitled "Default Judgment" to Defendant Ally for not responding

- 2 -

Case 1:24-cv-00006-WO-JEP   Document 14   Filed 09/30/24   Page 2 of 13

"to the claim of the Plaintiff's redeemable credits." (Id. at 6.) It does not appear from the face of the Complaint that Defendant responded to any of these emails.

II. **PROCEDURAL HISTORY**

Plaintiff originally filed a complaint in Durham County, North Carolina, but Defendant Ally removed the lawsuit to federal court on January 3, 2024. (Doc. 1.) Plaintiff filed his Complaint with this court on January 4, 2024. (Complaint ("Compl.") (Doc. 4).) Defendant Ally filed its Motion to Dismiss on January 10, 2024, (Def. Mot. to Dismiss ("Def. Mot.") (Doc. 7)), and a supporting memorandum, (Def. Mem. of Law in Supp. of Mot. to Dismiss ("Def. Mem.") (Doc. 8)).

Plaintiff did not timely respond to Defendant's motion to dismiss, but rather, filed a notice, entitled "Demand for the Bonds of All Parties Involved for the Injuries, Negligence, and Harm Caused" on March 28, 2024. (Pl. Notice (Doc. 11).) Defendant responded to this notice on April 18, 2024, (Def. Resp. to Pl. Notice ("Def. Resp.") (Doc. 12)), and Plaintiff replied on May 21, 2024, (Pl. Reply to Def. Resp. ("Pl. Reply") (Doc. 13)).

III. **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556–57). When ruling on a motion to dismiss, this court accepts the complaint's factual allegations as true. Iqbal, 556 U.S. at 678. This court liberally construes "the complaint, including all reasonable inferences therefrom, . . . in the plaintiff's favor." Est. of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted), but does not, however, accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Federal courts must liberally construe pro se complaints, even "inartful" ones. See Boag v. MacDougall, 454 U.S. 364, 365 (1982). However, pro se plaintiffs are still required to plead facts that fairly put the defendant on notice of the nature of the claims and "contain more than labels and conclusions." See

Giarratano v. Johnson, 521 F.3d 298, 304, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

**IV. ANAYLYSIS**

Ascertaining what legal claims Plaintiff is attempting to pursue is difficult, given the relative incoherence and rambling nature of the Complaint.[2] This court, in construing the Complaint liberally, finds that Plaintiff asserts the following claims for relief: 1) a claim under D.C. Code 28:3-303, 2) a claim under 12 U.S.C. § 1431, 3) a failure to disclose claim under the Truth in Lending Act (TILA), 4) breach of fiduciary duties, 5) breach of contract, 6) discrimination in violation of the Consumer Credit Protection Act of 1964 and the Civil Rights Act of 1964, 7) a claim of "Piercing the Corporate Veil," 8) a claim of "negligence," and 9) a claim of "Unfair and Deceptive Trade Practices." (See generally Compl. (Doc. 4).)

As an initial matter, Plaintiff's claims all appear to be predicated upon the fact, as alleged, that Plaintiff attempted to "balance out the accounting on [his] account" with a "remittance/payment coupon/Bill of Exchange/bill of credit." (See Compl. (Doc. 4) at 3, 5.) While Plaintiff may have sent

---

[2] Plaintiff cites many statutes and legal doctrines throughout his Complaint. Many appear to simply provide definitions and not state causes of action. As such, this court has only identified the statutes and rules of law under which Plaintiff appears to pursue a cause of action.

- 5 -

something to Defendant Ally that was titled "remittance/payment coupon/Bill of Exchange/bill of credit," an allegation that this constituted a lawful manner to discharge a debt is implausible. First, the phrase "attempted to balance out the accounting," is a conclusory description of Plaintiff's actions and not entitled to any deference. See Iqbal, 556 U.S. at 681. Second, Plaintiff's description of the documents he used to attempt the "account-balancing" falls short of plausibly alleging an act by Defendant that might give rise to a cognizable claim. Absent some other explanation, it is implausible to suggest that any debt could be discharged in the manner described by Plaintiff.

### A. Violation of District of Columbia Code 28:3-303 and 12 U.S.C. § 1431

Plaintiff alleges that "Defendants willfully neglected and denied Plaintiff's beneficial interest in all occurrences, pursuant to the **Code of the District of Columbia 28:3-303. Value and consideration**, and pursuant to **12 USC 1431**." (Compl. (Doc. 4) at 3.) Plaintiff has not explained why the law of the District of Columbia should apply to this lawsuit. Further, § 28:3-303 only defines terms and does not provide a private cause of action. See D.C. Code § 28:3-303. To the extent Plaintiff intended to assert a cause of action under this statute, it will be dismissed.

His claim under 12 U.S.C. § 1431 is similarly insufficient. This section of the United States Code explains the "powers and duties of banks." See 12 U.S.C. § 1431. Plaintiff does not explain how Defendant violated this statute beyond his vague statement that Defendant "willfully neglected and denied Plaintiff's beneficial interest in all occurrences," (Compl. (Doc. 4) at 3.) Further, § 1431 does not provide a private cause of action. See Kornegay v. Cap. One, No. 1:23-cv-1032, 2024 WL 1463794, at *2 (M.D.N.C. April 4, 2024); Slocum v. Zen Realty, No. 5:23-cv-550, 2024 WL 666329, at *2 (E.D.N.C. Feb. 16, 2024). Accordingly, this claim must also be dismissed.

### B. Violation of Truth in Lending Act - Disclosures

Plaintiff claims that Defendant violated the Truth in Lending Act (TILA) for "not fully disclosing . . . the type of accounts . . . that were opened by the Defendants/Creditors in the Plaintiff's name." (Compl. (Doc. 4) at 6). He does not cite to any specific provisions of the TILA, but in liberally construing this pro se complaint, this court will assume Plaintiff refers to 15 U.S.C. § 1640, which provides a private right of action under TILA. See 15 U.S.C. § 1640(a).

"TILA protects consumers by requiring certain disclosures. E.g., 15 U.S.C. § 1601(a) . . . ." El v. McGehee, No. 1:22-cv-03957, 2022 WL 16833490, at *2 (N.D. Ga. Oct. 4, 2022). Here,

- 7 -

Plaintiff argues that Defendant failed to disclose information regarding an account allegedly opened by Defendants in Plaintiff's name. (See Compl. (Doc. 4) at 5.) Plaintiff has not cited what provision of TILA requires such a disclosure. Further, he has not sufficiently identified what "accounts" he is referring to such that Defendant Ally Financial could even begin to understand his request.[3] Plaintiff has not provided sufficient information regarding what he wanted Defendant to disclose and what Defendant failed to disclose. Accordingly, this claim is dismissed.

### C. Breach of Fiduciary Duty/Breach of Contract

Plaintiff alleges that Defendant has breached its fiduciary duty to Plaintiff and breached a contract with Plaintiff. (Compl. (Doc. 4) at 6, 7, 8, 9.) Fiduciary duties and contracts are governed by state law. Under North Carolina law, to establish a claim for breach of fiduciary duty, Plaintiff must allege that "(1) defendants owed [him] a fiduciary duty of care;

---

[3] As Defendant Ally notes, Plaintiff's request for information related to account(s) "opened by the Defendants/Creditors in the Plaintiff's name," (Compl. (Doc. 4) at 6), appears to be in reference to "the common 'sovereign citizen' conspiracy theory that each person has a secret U.S. Treasury trust account under their name," (Def. Resp. (Doc. 12) at 2). Such an account does not exist. See, e.g., Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 763 (W.D. Va. 2007) (describing Office of Comptroller alerts explaining that such accounts do not exist). Accordingly, it would be impossible for Defendant to disclose information about a non-existent account.

(2) defendants violated their fiduciary duty; and (3) this breach of duty was a proximate cause of injury to [the plaintiff]." French Broad Place, LLC v. Asheville Sav. Bank, S.S.B., 259 N.C. App. 769, 787, 816 S.E.2d 886, 899 (2018) (cleaned up).

Plaintiff fails to allege any of these elements plausibly. It appears that Plaintiff and Defendant Ally were in a debtor-creditor relationship. (See, e.g., Doc. 4-1 at 10 (listing Ally as lienholder).) "[O]rdinary borrower-lender transactions . . . do not typically give rise to fiduciary duties." Dallaire v. Bank of Am., N.A., 367 N.C. 363, 368, 760 S.E.2d 263, 266-67 (2014). Further, Plaintiff also fails to allege any identifiable breach of fiduciary duty beyond the generalized assertion that "Defendants/Creditors [did] not submit[] . . . a response point by point to Plaintiff." (Compl. (Doc. 4) at 6.) Because the elements of breach of fiduciary duty under North Carolina law have not been plausibly alleged, this claim will be dismissed.

Plaintiff also claims Defendant breached a contract. (Id. at 6, 7, 8, 9.) To plausibly state a claim for breach of contract in North Carolina, a party must allege the "(1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). Plaintiff has not identified any contract with

- 9 -

Case 1:24-cv-00006-WO-JEP   Document 14   Filed 09/30/24   Page 9 of 13

Defendant and instead attached to his Complaint his retail agreement with CarMax, which only references that Defendant Ally has provided financing. (See Compl. (Doc. 4) at 7, 8, 10.) Even if this court assumes the parties had a loan agreement contract, Plaintiff has not alleged any facts to support the idea that Defendant violated that contract. Accordingly, this claim will be dismissed.

**D.     Discrimination Claims**

Plaintiff alleges that Defendant discriminated against him based on "Plaintiff's assumed on file race, color, national origin, income, sex, marital status, age, and Good Faith exercising of the Plaintiff's rights." (Compl. (Doc. 4) at 7.) Although he does not cite specific provisions, he claims that this discrimination violates the Consumer Credit Protection Act of 1968 and the Civil Rights Act of 1964. (Id.)

With respect to his claim of a violation of the Consumer Credit Protection Act, this court will assume he is referring to 15 U.S.C. § 1691, which makes it unlawful "for any creditor to discriminate against any applicant . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). Plaintiff has not alleged any facts to support the claim that Defendant discriminated against him on these grounds. Accordingly, this claim will be dismissed.

With respect to his claim of a violation of the Civil Rights Act of 1964, Plaintiff has not cited a specific subsection of this Act, which contains many provisions. See Civil Rights Act of 1964, Pub. L. No. 88-352, 78 Stat. 241. Without knowing what provision of the Act Plaintiff refers to, this court cannot begin to analyze whether Plaintiff has asserted a claim for relief. Further, as explained above, Plaintiff has not put forth any facts to support his allegation that Defendant discriminated against him "based on race, color, national origin, income, sex, marital status, age, and good faith exercising" of his rights. Accordingly, these claims will be dismissed.

**E.    Negligence, Unfair Trade Practices, and "Piercing the Corporate Veil" Claims**

Plaintiff has additionally alleged that Defendant engaged in "negligence." (Compl (Doc. 4) at 7, 9.) Merely alleging that the Defendant was "negligent" is a legal conclusion that this court need not accept. See Twombly, 550 U.S. at 555. Plaintiff fails to state any particular facts in connection with this claim; therefore, it must be dismissed.

Plaintiff also alleges Defendant engaged in "Unfair and Deceptive Trade Practices." (Compl. (Doc. 4) at 7.) Even assuming this allegation is in reference to N.C. Gen. Stat. §75-

- 11 -

1.1, he fails to state any coherent instances of deception or unfair practices to support his claim. This will be dismissed.

Finally, to the extent plaintiff argues a claim of "piercing the corporate veil," this too must fail as a matter of law. Under North Carolina law,[4] "courts will 'pierce the corporate veil' to extend liabilities of the corporation beyond the confines of the corporation's entity when it is necessary to achieve equity." Allred v. Exceptional Landscapes, Inc., 227 N.C. App. 229, 235, 743 S.E.2d 48, 54 (2013). Because Plaintiff has failed to allege any cognizable liability on the part of Defendant, the question of whether to pierce the corporate veil is moot. This claim is dismissed.

**F. <u>Any Potential Remaining Claims</u>**

Finally, Plaintiff, in his final effort to locate a viable claim, inserts the following string of alleged wrongdoings by Defendants.

> The Defendants have knowingly and willfully neglected, dishonored, discriminated, defaulted Judgment/Aquiesences [sic], used deceptive Language, used unfair trading practices, forceful repayment tactics, theft of property, pierced the Corporate Veil by engaging in wrongful and fraudulent practices, conspired against, securities fraud, trust fraud, Identity theft, alter ego, willfully and knowingly dishonored and refused protocol of the following Acts, legalese/Commerce, Codes, and

---

[4] "Whether to pierce the corporate veil is a question of state law." Gerritsen v. Warner Bros. Ent. Inc., 112 F. Supp. 3d 1011, 1041 n. 126 (C.D. Cal. 2015).

- 12 -

> Statutes that the Defendants are Obligated to follow procedure of as listed; **the Securities and Exchange Act of 1934, Securities Act of 1933, Trust Indenture Act of 1939, the revised Consumer Protection Act of 2010, 12 USC 1431. Powers and duties of banks, UCC-3-205. Special Indorsement; Blank Indorsement; Anomalous Indorsement, Bill of Exchange Act of 1882, The Federal Reserve Act of 1913 Section 16. Notes Issues, paragraphs (1)(2)(6), UCC-3-603. Tender of Payment, Consumer Credit Protection Act of 1968, Civil Rights Act of 1964, and the Truth in Lending Act of 1968 (TILA).** Furthermore, Defendants collected extensions of the Plaintiff's credit by extortionate means as pursuant to **18 USC 894-Collection of extensions of credit by extortionate means. . . .**

(Compl. (Doc. 4) at 7-8.) These assertions are all legal conclusions. Plaintiff does not explain how Defendant allegedly violated these statutes or rules of law. "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). These "claims" are unsupported by any alleged facts and must be dismissed.

## V. CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendant Ally's Motion to Dismiss, (Doc. 7), is **GRANTED.**

This the 30th day of September, 2024.

_____
United States District Judge

- 13 -